IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Frontline Communications, Inc., | ) ) ) ) ) ) ) | Case No: 13 C 7852 |
| v. | | Judge Samuel Der-Yeghiayan |
| Comcast Corporation, et al. | | |

## ORDER

      A judge's "first duty in every lawsuit" is to "[e]nsur[e] the existence of subject-matter jurisdiction. . . ." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(internal quotations omitted)(quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). Plaintiff Frontline Communications, Inc. brought the instant action on November 1, 2013. Since Plaintiff initiated the instant action in federal court, it bears the burden of showing that this court has subject-matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence").

      In the complaint, Plaintiff contends that this court has diversity subject-matter jurisdiction. (Compl. Par. 3). However, Plaintiff fails to specify the citizenship of any party in this litigation. Plaintiff alleges itself to be an Illinois corporation with "offices located in Illinois and Florida." (Compl. Par. 1). Plaintiff further alleges that Defendants Comcast Corporation and Comcast Cable Management, LLC are Pennsylvania corporations with "offices throughout the United States." (Compl. Par. 2). However, Plaintiff fails to properly allege citizenship of any of the party-named corporations in accordance with 28 U.S.C. § 1332(c)(1). *See CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000)(stating that "[w]ith certain exceptions," 28 U.S.C. § 1332(c)(1) "provides that a corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business"). Additionally, in the event that one of the defendants is a limited liability company (LLC), Plaintiff must allege the citizenship of each member of the LLC. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)(stating that "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members")(quoting *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir.2007)). Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action when it lacks subject-matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Since Plaintiff has failed to meet its burden to show that this court has subject-matter jurisdiction, the instant action is dismissed without prejudice.

Date: 12/18/13

                                                                             Samuel Der-Yeghiayan
                                                                             United States District Court Judge